

**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (413) 785-0235*
*Facsimile:        (413) 785-0394*

*Federal Building and Courthouse*

*1550 Main Street, Room 310*
*Springfield, Massachusetts 01103*

August 17, 2006

Alan J. Black
Law Office of Alan J. Black
1383 Main Street
Springfield, MA 0103

    Re:  United States v. Walter May,
          Criminal No. 05-30023-MAP

Dear Attorney Black:

    Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case. The government notes that it is still in the process of gathering evidence from Sri Lanka and will supplement this discovery letter as warranted.

A.    <u>Rule 16 Materials</u>

    1.    <u>Statements of Defendant under Rule 16 (a)(1)(A)</u>

        a.    <u>Written Statements</u>

    There are no relevant written statements of the defendant in the possession, custody or control of the government, which are known to the attorney for the government.

        b.    <u>Recorded Statements</u>

    There are no relevant recorded statements of the defendant in the possession, custody or control of the government, which are known to the attorney for the government.

        c.    <u>Grand Jury Testimony of the Defendant</u>

    The defendant did not testify before a grand jury in relation to this case.

Alan J. Black
August 17, 2006
Page 2

        d.    <u>Oral Statements to Then Known Government Agents</u>

Enclosed is the following report of an oral statement made by the defendant in the possession, custody or control of the government, the existence of which is known to the attorney for the government: Report of oral statement of Walter May dated September 7, 2004.

2.    <u>Defendant's Prior Record under Rule 16 (a)(1)(B)</u>

None.

3.    <u>Documents and Tangible Objects under Rule 16(a)(1)(C)</u>

Attached please find the following:

    a.    Three CD-Roms containing evidence obtained from the computer seized during the execution of a search warrant at the defendant's home on or about May 5, 2004.

        Additional evidence seized during the execution of the search warrant is available for inspection upon request.

    b.    Two CD-Roms containing evidence obtained from the computer used by the undercover agent in Sri Lanka.

    c.    Report of May 27, 2004, interview of Balasuriya Appuhamilage Rohitha Ruwan Kumara.

    d.    Report of May 1, 2004, interview of Chalith Sri Madushan Wellala.

    e.    Report of May 1, 2004, interview of Sanjeewa Sri Ranganatha Wellala.

    f.    Passenger Activity Report regarding the defendant. The defendant's passport is available for inspection upon request.

The government is in the process of gathering additional evidence from Sri Lanka, which may be material to the preparation of the defendant's defense or intended for use by the government

Alan J. Black
August 17, 2006
Page 3

as evidence in chief at the trial of this case, and will supplement this letter as warranted.

    4.   <u>Reports of Examinations and Tests under Rule 16 (a)(1)(D)</u>

There presently are no reports of physical or mental examinations or scientific tests or experiments made in connection with this case.

B.   <u>Search Materials under Local Rule 116.1(C)(1)(b)</u>

Copies of the executed search warrant, including the search warrant, application, affidavit, and return are enclosed.

C.   <u>Electronic Surveillance under Local Rule 116.1(C)(1)(c)</u>

No oral, wire, or electronic communications of the defendant as defined in 18 U.S.C. § 2510 were intercepted relating to the charges in the indictment.

D.   <u>Consensual Interceptions under Local Rule 116.1(C)(1)(d)</u>

There was one interception (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of an oral communication of the defendant, made on or about April 27, 2004, with the consent of one of the parties to the communication in which the defendant was intercepted or which the government intends to offer as evidence in its case-in-chief.  The government is in the process of obtaining the audio-tape from Sri Lanka.

E.   <u>Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)</u>

There is no conspiracy count charged in the indictment.

F.   <u>Identifications under Local Rule 116.1(C)(1)(f)</u>

I have no information indicating that the defendant was the subject of investigative identification procedures used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo spread or other display of an image of the defendant.  In the event that I become aware that such a procedure was used, I will advise you at that time and provide you with copies of any tangible evidence reflecting, used in or memorializing the identification procedure.

Alan J. Black
August 17, 2006
Page 4

G. <u>Exculpatory Evidence Under Local Rule 116.2(B)(1)</u>

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

1. The government is unaware of any information that would tend directly to negate the defendant's guilt concerning any count in the indictment.

2. The government is unaware of any information that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude.

3. No promises, rewards, or inducements have been given to any witness whom the government anticipates calling in its case-in-chief.

4. The government is unaware that any of its named case-in-chief witnesses have a criminal record.

5. The government is unaware that any of its named case-in-chief witnesses have any criminal cases pending.

H. <u>Other Matters</u>

The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Fed. R. Crim. P. 16.

The government requests reciprocal discovery pursuant to Fed. R. Crim. P. 16(b) and Local Rule 116.1(D).

The government demands, pursuant to Fed. R. Crim. P. 12.1, written notice of the defendant's intention to offer a defense of alibi. The time, date, and place at which the alleged offenses

Alan J. Black
August 17, 2006
Page 5

were committed are set forth in the affidavits filed in support of the enclosed application for a search warrant.

                              Very truly yours,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                    By:  /s/Karen L. Goodwin
                              _____
                              Karen L. Goodwin
                              Assistant U.S. Attorney

enc.
cc:  Clerk of the Court (w/o enc.)