UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NO. 05-30023-MAP

UNITED STATES OF AMERICA    )
                            )
                            )
V.                          )
                            )
WALTER T. MAY               )
_____Defendant_____)

### DEFENDANT'S MOTION FOR PRODUCTION OF RETAINED COMPUTER EVIDENCE AND ENCASE FILES

Defendant Walter May, now moves, pursuant to Fed.R.CrimP. 16, that this Court order the government to produce to undersigned counsel a copy of the hard drive and of all Encase files, subject to a Proposed Protective Order, attached hereto. This exact Proposed Protective Order was approved by Judge Nancy Gertner in an identical case. United States v. Frabizio, 341 F. Supp. 2d 47 (D Mass. 2004). The discovery sought is necessary to enable undersigned counsel to investigate the manner in which the images in question came to appear on the defendant's work computer and to prepare to challenge the government's expert testimony regarding the issue of whether the images depict children.

The discovery requested is subject to production under Fed.R. Evid. 16(a)(1)(E), which requires the government to:

> permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs; tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> (i)   the item is material to preparing the defense;
> (ii)  the government intends to use the item in its case in chief at trial; or

(iii)    the item was obtained from or belonged to the defendant.    1.
.

Here, the evidence requested is the very heart of this case, and falls within all three categories of discoverable evidence. Undersigned counsel submits that proper representation of the defendant requires that an expert examine the hard drive and the computer files that are at issue in this case.

Examining this evidence at the office of the United States Attorney is unsatisfactory, for several reasons. Firstly, the defendant's expert is from Portland, Oregon and the analysis and to conduct the tests themselves probably would require at least two full days.

More importantly, the defendant submits that conducting these tests at the Government's office does not allow defense counsel to freely consult with his expert, nor does it allow him and his expert to conduct the extended examination, which may require repetition. See United States v. Hill, 322 F.Supp. 2d 1081, 1092 (C.D. Cal. 2004) (Kozinski, J., sitting by designation).

Defense use of a Government computer would allow the Government to take note of the examination and would even create a record of that examination on the Government computer, thus destroying any work product protection for the examination.

In Hill, the court concluded that "counsel cannot be expected to provide defendant with competent representation unless counsel and his expert have ready access to the materials that will be the heart of the government's case." Id. While the number of files involved in the Hill case vastly exceeded the number involved here, this case presents the added necessity of examining the images with the software used by the Government's expert and may involve further analysis aimed at the same issue. Defendant also notes that Judges DiClerico and O'Toole allowed similar defense requests as well in the cases of United States v. Donald Syphers, Crim. No. 03-11-01-JD and United States v. Wilder, Crim. No. 04-CR-10217-GAO.

The proposed protective order would prohibit duplication of the hard drive or any files or images contained on the hard drive, and would limit inspection of the file to defense counsel and her retained expert(s) for the sole purpose of preparation of the defense in this case. Furthermore, the proposed protective order would prohibit examination of the hard drive or any of its files on any computer that is connected to the Internet or any network. The proposed order is virtually identical to that agreed to by the government in Hill, after the court ruled that the defendant was entitled to a copy of the computer evidence.

Walter May
By his Attorney,

/s/ Alan J. Black
Alan J. Black
BBO # 553768
1383 Main Street
Springfield, MA 01103
(413) 732-5381

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to Karen Goodwin, AUSA on this 11th day of September 2006.

/s/ Alan J. Black