UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES | ) | |
| OF AMERICA | ) | |
| | ) | |
| | ) | |
| | ) | CRIMINAL NO. 05-30023-MAP |
| V. | ) | |
| | ) | |
| WALTER MAY, | ) | |
|     Defendant, | ) | |
| | ) | |

## REQUEST FOR BILL OF PARTICULARS

The government has refused to provide a bill of particulars to the defendant in spite of the vague nature of the indictment and the charges in the case at hand. Pursuant to Fed. R. Crim. P. 7(f) the defendant is requesting that a bill of particulars be provided to the defendant.

The Defendant in the above-entitled matter and, pursuant to Fed. R. Crim. P. 7(f) moves this Honorable Court to ORDER the Government to provide him with a bill of particulars as to each count of the indictment specifying:

1. The time and date of each alleged crime or crimes;

2. The place of each alleged crime or crimes;

3. The manner in which the defendant allegedly committed each of the crimes;

4. The means by which the defendant allegedly committed each of the alleged crimes; and

5. The names of the alleged victims.

The Defendant states as reasons for his request:

1. The indictment does not fully, plainly, substantially and formally describe the offenses with which he is charged, as required by the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

2.    A statement of the particulars of the offense is necessary to assure the Defendant his right to the assistance of prepared and effective counsel, as guaranteed by the Sixth Amendment to the United States Constitution.

In <u>Will, U.S. District Judge v. United States</u>, 389 U.S. 90, 98-99 (1967) the court ruled that the district court has broad discretion in ordering information necessary to the proper preparation of a case for trial. It is a violation of the Fifth Amendment to the United States Constitution to expect a defendant to prepare for trial without adequate notice of the charges against him.

In the case at hand, the charges merely state that on count one from May, 2002 to on or about May, 2004, the defendant used a facility and means of interstate commerce to induce, entice and coerce a person under 18 years of age to engage in a sexual act in violation of 18 U.S.C. 2422(a). Count two alleges that on or about November, 2002 through on or about January, 2003 knowingly traveled in foreign commerce for the purpose of engaging in sexual conduct under 18 U.S.C. 2423. Count three alleges the same charge occurring on April 2004. The defendant made many trips abroad and there is nothing mentioned about who the alleged victims are and what acts constitute the crimes alleged. These charges are vague and the details are vague. The defendant cannot prepare adequately for trial without further understanding of what is the basis of the allegations in the case at hand.

Respectfully submitted,

THE DEFENDANT

By:   /s/ Alan J. Black
ALAN JAY BLACK, His Attorney
1383 Main Street
Springfield, MA 01103
(413) 732-5381
BBO#553768

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to Todd Newhouse, AUSA and Karen Goodwin, AUSA on this on this 16th day of January 2007.

                                          /s/ Alan J. Black