```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA      )
                              )
            v.                )    Cr. No. 05-30023-MAP
                              )
WALTER MAY                    )
```

## GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENDANT'S DISCOVERY MOTIONS

The United States of America, by its undersigned attorneys, hereby provides the Court with the Government's Consolidated Response to Defendant's Discovery Motions.

1. Request for Bill of Particulars

The defendant's requests for a bill of particulars seeks discovery of the nature, theory and details of the government's case. The requests are unsupported and are too broad in scope to form the basis for wholesale discovery of the government's case against the defendant.

A bill of particulars is not warranted in this case. Under established principles it is only appropriate where the indictment fails adequately to inform the defendant of the charges against him so as to avoid double jeopardy and prejudicial surprise.

The Indictment charges in Count One a violation of 18 U.S.C. §2422, use of a means of interstate commerce to persuade a minor to engage in a sexual act. Counts Two and Three charge the defendant with violations of 18 U.S.C. §2423(b), travel with intent to engage in a sexual act with a juvenile. The Indictment sets forth in all Three counts the date, general

location and nature of the crime alleged. Given the comprehensive nature of the indictment, no bill of particulars is warranted. Even where indictments are wholly skeletal in character, it is inappropriate to seek the mass of evidentiary material which the defendant endeavors to obtain by the instant demands.

As the Court of Appeals for this Circuit has noted, "[t]he purpose of a bill of particulars is to provide the accused with detail of the charges against him where necessary to prepare his defense, to avoid surprise at trial, and to protect against double jeopardy." United States v. Paiva, 892 F.2d 148, 154 (1st Cir. 1989). See United States v Arboleda, 929 F.2d 858, 869 (1st Cir. 1991); United States v. Hallock, 941 F.2d 36, 40 (1st Cir. 1991); United States v. Leach, 427 F.2d 1107, 1110 (1st Cir.), cert. denied, 400 U.S. 829 (1970). See also, Wong Tai v. United States, 273 U.S. 77 (1927). "A bill of particulars is required only where the indictment is too vague and indefinite to accomplish these objectives." United States v. Feliziani, 472 F.Supp. 1037, 1045 (E.D. Pa. 1979).

"A bill of particulars should not be used to conduct discovery of the government's theory of a case, to force detailed disclosure of the facts underlying a charge, or to restrict the government's proof at trial." United States v. Mannino, 480 F.Supp. 1182, 1185 (S.D. N.Y. 1979). See United States v. Boffa, 513 F.Supp. 444, 485 (D. Del. 1980); United States v. Johnson, 504 F.2d 622, 628 (7th Cir. 1974) (bill of particulars does not entitle defendants to purely evidentiary matters); United States v. Sandler, 462 F.2d 122 (6th Cir. 1972) (names of witnesses not

2

discoverable via bill of particulars); <u>United States v. Wolfson</u>, 413 F.2d 804, 808 (2nd Cir. 1969) (identity of persons present at time of offense not subject of bill of particulars).

It is well settled that where an indictment adequately details the offense, a bill of particulars is unnecessary. <u>United States v. Tarvers</u>, 833 F.2d 1068, 1076 (1st Cir. 1987); <u>United States v. Matlock</u>, 675 F.2d 981, 986 (8th Cir. 1982); <u>United States v. Giese</u>, 597 F.2d 1170, 1180 (9th Cir.), <u>cert. denied</u>, 444 U.S. 979 (1979); 8 Moore's Federal Practice §7.06[l] (2nd Ed. 1982).

The test whether a defendant is entitled to a bill of particulars is thus not whether the information sought would be useful, <u>United States v. Bonanno</u>, 177 F.Supp. 106, 120 (S.D. N.Y. 1959), <u>rev'd on other grounds</u>, 285 F.2d 408 (2nd Cir. 1960); or desirable, <u>United States v. Lupino</u>, 171 F.Supp. 648, 650 (D.C. Minn. 1958); or would make preparation of a defense less difficult. <u>Tillman v. United States</u>, 406 F.2d 930, 939 (5th Cir. 1969). Rather, the test is whether the bill is necessary, <u>United States v. Bonanno</u>, <u>supra</u>, 177 F.Supp. at 120.

In short, since the purpose of a bill of particulars is to acquaint the defendant with the nature of the charges in the indictment, "bill of particulars should only be required where the charges of an indictment are so general that they do not advise a defendant of the specific acts of which he is accused." <u>United States v. Leonelli</u>, 428 F.Supp. 880, 882 (S.D. N.Y. 1977).

The indictment itself in the present case more than adequately serves all these functions. The defendant requires no additional information to protect against jeopardy, to prepare a

defense or avoid surprise at trial.

Beyond that, the information set forth in the indictment has been supplemented by the government's providing full Federal Rules of Criminal Procedure Rule 16 and L.R. 116.1 discovery. Among the discovery provided to the defendant were copies of e-mail discussions between the defendant and the "victim" including travel plans. The defendant seeks a quantum of particularization far beyond that conceivably required by law. It is clear, for example, that the prosecution is not required to furnish particulars as to the persons present as such matters are evidentiary in character. United States v. Johnson, 504 F.2d 622, 627-628 (7th Cir. 1974); Overton v. United States, 403 F.2d 444, 446 (5th Cir. 1968); United States v. Sanders, 462 F.2d 122, 123 (6th Cir. 1972). The bill "is not intended... as a means of learning the Government's evidence and theories". C.A. Wright, Federal Practice and Procedure - Criminal, §129 at 442.

Nor is it proper in a bill of particulars to seek the precise manner by which offenses were carried out, as the defendant has done in his motion. Such requests are also evidentiary in character. As the Court said in United States v. Abrams, 543 F.Supp. 1184, 1194 (S.D. N.Y. 1982), the government is not required to disclose the "precise manner in which the crimes alleged in the indictment were committed" nor, its legal theory. See United States v. Leonelli, supra, 428 F.Supp. at 882-83 (denying request as to "the precise manner in which the crimes charged in the indictment were committed"); United States v. Politi, 334 F.Supp. 1318, 1320 (S.D.N.Y. 1971); United States v. Bozza, 234 F.Supp. 15, 16 (E.D. N.Y. 1964).

4

In conclusion, the information sought by the defendant in his Motion for a Bill of Particulars is evidentiary in nature. Particularization beyond that already provided in the indictment would unduly restrict the government's proof at trial. The defendant should not be permitted to employ a bill of particulars as a means to discover before a trial the government's evidence and to straight jacket the government's proof at trial.

2. Defendant's Motion for Discovery of Expert Testimony

The government has previously informed the defendant that it does not presently intend to call any expert witnesses. If, in the future the government decides to call one or more expert witnesses, the government will comply with F.R. Crim P. 16(a)(1)(G). The government objects to all other requests set forth in the defendant's motion as being beyond that permitted by the rule or case law.

3. Request for Discovery Under Rule 404(b).

The government previously informed the defendant that it intends to offer evidence pursuant to F.R. Evid. 404(b) regarding "the defendant's sexual relationship with three minor boys as set forth in the materials provide pursuant to automatic discovery as proof of motive, opportunity, intent, preparation, plan, knowledge, identity and absence of mistake or accident regarding the crimes charged in the Indictment." Discovery letter dated January 5, 2007 at 2. The government provided the defendant with English translations of reports of interviews which contain the names of the victims, the locations and dates of the sexual assaults and a graphic description of the sexual assaults by the defendant on the victims.

5

Therefore, the government has provided all of the required information necessary for the defendant to investigate and respond to the government's 404(b) evidence. The government objects to all other requests set forth in this motion as being beyond that required by the rule and case law.

4. Motion for Further Discovery Per Local Rule 116.1(D)

1-4, 6 & 7. The government has provided the defendant with all known transcripts of the judicial proceedings in which the defendant was charged in Sri Lanka with sexual offenses, some of which are translated into English and some of which are not. The government also provided the defendant with an English transcript of a conversation the defendant had with the Sri Lankan undercover agent (UCA) as well as the e-mails in English between the defendant and the UCA regarding the defendant's travel to Sri Lanka to have a sexual relationship with the UCA. The government objects to any other requests set forth in ¶¶ 1 through 4, 6, and 7 as being beyond that which is required by the rules of discovery or case law.

5. On August 10, 2006, AUSA Karen Goodwin requested in writing that all agents or law enforcement officers who participated in the investigation preserve notes and other documents including tape recordings.

8. The government objects to disclosure of confidential informants. The government objects to the disclosure of any information regarding informants without the requisite showing by the defendant. It is well settled law that the government has a privilege to refuse to disclose the identity of its informants. Roviaro v. United States, 353 U.S. 53, 59 (1957). Informant

information is subject to disclosure only upon a showing by the defendant that the information is "relevant and helpful to the defense" or is "essential to a fair determination" of guilt or innocence.  <u>Id</u>.  at 60-61.  Because the defendant has made no such showing the request should be denied.

9, 10 & 12.  In its automatic discovery letter the government previously stated it is unaware of any criminal record of any of the witnesses it presently intends to call in its case-in-chief, and that it is unaware of any promises, rewards or inducements given to any of the witnesses it presently intends to call in its case-in-chief.  Automatic Discovery Letter at page 4.

11.  The government is unaware of any witness it presently intends to call in its case-in-chief, who has been offered immunity.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  /s/ Todd E. Newhouse
     _____
     TODD E. NEWHOUSE
     Assistant U.S. Attorney

<u>CERTIFICATE OF SERVICE</u>

Suffolk,  ss.                        Springfield, Massachusetts
                                     January 26, 2007

   I, TODD E. NEWHOUSE, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing, by ECF to counsel of record.

/s/ Todd E. Newhouse
_____
TODD E. NEWHOUSE
Assistant U.S. Attorney
