UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES ) | |
| OF AMERICA ) | |
| ) | |
| ) | |
| ) | CRIMINAL NO. 05-30023-MAP |
| V. ) | |
| ) | |
| WALTER MAY, ) | |
|     Defendant, ) | |
| ) | |

MEMORANDUM IN SUPPORT OF DEFENDANT WALTER MAY'S
MOTION FOR A BILL OF PARTICULARS

    Pursuant to Fed. R. Crim. P. 7(f) defendant Walter May submits this memorandum in support of his motion for a bill of particulars.

    In the case at hand, the indictment informs us that on Count One from May, 2002 to on or about May, 2004, the defendant used a facility and means of interstate commerce to induce, entice and coerce a person under 18 years of age to engage in a sexual act in violation of 18 U.S.C. 2422(a). Count Two alleges that on or about November 2002 through on or about January 2003 the defendant knowingly traveled in foreign commerce for the purpose of engaging in sexual conduct under 18 U.S.C. 2423. Count Three alleges the same charge occurring in April of 2004. The defendant made many trips abroad and there is nothing mentioned about who the alleged victims were and what acts constitute the crimes alleged. These charges are vague and the details are vague. The defendant cannot prepare adequately for trial without further understanding of what is the basis of the underlying allegations in the case at hand.

    Some of the discovery provided to defense counsel contains information about two Sri Lankan children that he allegedly had sex with in Sri Lanka. These seemed to form the basis of the charges pressed against the defendant in Sri Lanka. It was these victims that defense counsel assumed formed the basis of Count III and it was this scenario that defense counsel began to

prepare for. After discussing the matter with the government it appears that these particular acts and victims do not form the basis of count III. It appears that the undercover Sri Lankan police agent is the "victim" in both counts II and III. However, the indictments are so vague that the defendant could begin preparing one way and the government could surprise the defendant and change in mid stream as nothing specific is alleged anywhere in the charging documents.

It also appears from the disclosures received from the government, that the government intends to introduce the evidence of alleged sexual acts with these minors in Sri Lanka as 404(b) evidence. As of now the defendant cannot distinguish between what the governments intends to introduce in its case in chief versus what might be attempted to be introduced as 404b) evidence. It is imperative that the defendant knows what the core allegations are so he can make appropriate motions in limine to exclude potential 404(b) evidence from the jury.

The defendant is seeking a bill of particulars that identifies specifically what trips constitute the core basis of the allegations against him; the time and place these trips took place and the names of the victims that he allegedly was attempting to meet during his travels

## ARGUMENT

1. THE GOVERNMENT SHOULD BE ORDERED TO FILE A BILL OF PARTICULARS.

The purpose of a bill of particulars is to provide a criminal defendant with information necessary to prepare his defense, to avoid surprise a trial, and to protect against double jeopardy. United States v. Abreu, 952 F.2d, 1469 (1st Cir. 1992). Trial courts enjoy broad discretion under Fed. R. Crim. P. 7(f) in ruling upon requests for bills of particulars. Will v. United States, 389 U.S. 90, 98-99 (l967). Although, "where an indictment fails to set forth specific facts in support of requisite elements of the charged offense, and the information is essential to the defense, failure to grant a request for a bill of particulars may constitute reversible error." United States v. Cole, 755 F.2d 748, 760 (11th Cir. 1985). Protecting a defendant from undue labor in preparing his defense is a well-recognized basis for a bill of particulars. See, e.g., United States v. Pack, 20

F.R.D. 209, 2132 (D. Del. 1957) ("The purpose of bills of particulars is to prevent surprise and to save the defendant from undue labor in the preparation of his case"). Rule 7(f) was amended in l966 to "encourage a more liberal attitude by the courts toward bills of particulars." Fed. R. Crim. P. Rule 7 advisory committee's notes.

    The particulars Mr. May seeks here relate directly to the requisite elements of the charges against him. In the case at hand, the charges merely state that on Count One from May, 2002 to on or about May, 2004, the defendant used a facility and means of interstate commerce to induce, entice and coerce a person under 18 years of age to engage in a sexual act in violation of 18 U.S.C. 2422(a). Count Two alleges that on or about November 2002 through on or about January 2003 knowingly traveled in foreign commerce for the purpose of engaging in sexual conduct under 18 U.S.C. 2423. Count Three alleges the same charge occurring in April of 2004. The particulars Mr. May seeks-identification of what trips the government alleges were for the purpose of sexual activity with minors and which minors he allegedly traveled to Sri Lanka for the purpose of having sex-could not be more integral to the charges against him and the indictment is wholly silent on the subject. Although the indictment alleges the defendant traveled for the purpose of engaging in sexual acts, it nowhere identifies which trips the government is talking about. The defendant made many trips abroad and there is nothing mentioned about the specific dates of the trip, who the alleged victims were and what acts constitute the crimes alleged. These charges are vague and the details are vague. The defendant cannot prepare adequately for trial without further understanding of what is the basis of the allegations in the case at hand.

    Rule 7( c ) governs the nature and contents of an indictment. Fed. R. Crim. P. 7( c ). It requires the indictment be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." <u>Id</u>. In general, an indictment is sufficiently particular "if it

elucidates the elements of the crime, enlightens a defendant as to the nature of the charge against which she must defend, and enables her to plead double jeopardy in bar of future prosecutions for the same offense." United States v. Sepulveda, 15 F.3d 1161, 1192 (1st Cir. 1993), cert denied 512 U.S. 1223 (l994);

In Hamling v. United States, 418 U.S. 87, 117 (l974), the Supreme Court wrote that it is "generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of the indictment themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished.'" The language of the statute may be used in a general description of the offense, but "it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." Id. at 117-118 (quoting United States v. Hess, 124 U.S. 483, 487 (1888)

Similarly, the purpose of a bill of particulars is "to provide the accused with detail of the charges against him where necessary to enable him to prepare his defense, to avoid surprise at trial, and to protect against double jeopardy." United States v. Paiva, 892 F.2d 148, 154 (1st Cir. 1989). To be successful on appeal a defendant must show he lacked a "fair opportunity to prepare a defense." United States v. Nelson-Rodriguez, 319 f.3d 12, 31 (1st Cir. 2003).

In United States v. Kinsella, 380 F. Supp. 2d 7 (2005) the District Court in Maine issued a written opinion denying defendant's motion for bill of particulars referring to the indictment and stating that the indictment informs the defendant of the date of the beginning and end of the conspiracy, the place where the conspiracy was committed, the drug involved, the state of mind of the defendant, the general modus operandi of the crime, the statutory provisions that the government claims the defendant violated and the penalty provision which applies. The

indictment in the case at hand is lacking in that type of specificity, which is mentioned in <u>Kinsella.</u>

In the case at hand, the defendant is unclear as to exactly what the facts underlying the indictment are in contrast to what the potential 404(b) evidence would be. This puts the defendant in an extremely unfair position because he cannot prepare pre-trial motions in limine, cannot adequately investigate and is subject to undue surprise. Finally, the government could go forward and if they do not prevail on one theory they could conceivably try him again, using a different trip and a different victim. This exposes the defendant to both due process and double jeopardy issues and concerns. For all these reasons defendant Walter May respectfully asks that this Court order the government to comply with its obligations under Rule 7 and under the United States Constitution.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court order the government to file a bill of particulars as requested above.

Respectfully submitted,

THE DEFENDANT
By: /s/ Alan J. Black
ALAN JAY BLACK, His Attorney
1383 Main Street
Springfield, MA 01103
(413) 732-5381
BBO#553768

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to Todd Newhouse, AUSA on this 13th day of February 2007.

/s/ Alan J. Black