```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )      Criminal No. 05-30023-MAP
                              )
                              )
        v.                    )
                              )
WALTER MAY,                   )
        Defendant.            )
```

## GOVERNMENT'S OBJECTION TO
## MAGISTRATE JUDGE'S DISCOVERY ORDER

Now comes the United States, by its undersigned attorneys, and hereby objects to the discovery order of United States Magistrate Judge Kenneth P. Neiman. The government relies on the following in support thereof.

The defendant filed a Motion for Further Discovery Per Local Rule 116.1(D). At ¶ 3 he requested "A history of this witnesses cooperation with the United States and any other government agency in which either he or the Sri Lankan government has received a reward or inducement. Motion at 1. The government filed its Consolidated Response to Defendant's Discovery Motions and objected to that request. Government's Response at p. 6, ¶ 4.

On Friday, February 16, 2007, at 4:57 pm the Magistrate allowed that request in an ECF Order On Motion for Discovery.[1]

---

[1] Undersigned counsel for the government cannot recall whether the ECF was downloaded and read late on February 16, 2007 or on Tuesday, February 20, 2007 [Monday February 19, 2007 was a federal holiday]. To the extent the within government response

The government objects to the Order as being overly broad, overly burdensome and beyond that which is required by F.R.Crim. P. 16, L.R. 116 and the relevant case law. The witness referenced is a law enforcement agent in Sri Lanka who cooperated with United States law enforcement officers and acted in an undercover capacity posing as a fifteen year old boy.

In its automatic discovery letter the government previously stated it is unaware of any criminal record of any of the witnesses it presently intends to call in its case-in-chief, and that it is unaware of any promises, rewards or inducements given to any of the witnesses it presently intends to call in its case-in-chief. Automatic Discovery Letter at page 4. Further, the government has provided Attorney Alan Black with virtually open book discovery in this case, allowing Attorney Black to take a large portion of the government's file for copying.

The defendant's request for "a history of this witnesses cooperation with the United States..." would require the government to inquire of the witness regarding any and all other investigations in which he has cooperated with the United States. This information is not relevant to impeachment of the witness with regard to this case or any other issue which is

---

is deemed by this Court to be outside the 10 day period set forth in Rule 2(b) of The Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, the government requests a one day extension of time within which to file its objection.

discoverable.

Therefore, the government requests that this Court deny the defendant's request set forth above.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Todd E. Newhouse
_____
TODD E. NEWHOUSE
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

Hampden, ss.                           Springfield, Massachusetts
                                       February 27, 2007

    I, Todd E. Newhouse, Assistant U.S. Attorney, do hereby certify that I have served, by ECF notification, a copy of the foregoing, to all counsel of record.

/s/ Todd E. Newhouse
_____
TODD E. NEWHOUSE
Assistant U.S. Attorney