UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>V.<br><br>WALTER MAY,<br>Defendant. | )<br>)<br>)<br>)<br>) CRIMINAL NO. 05-30023 MAP<br>)<br>)<br>) |

## MEMORANDUM IN SUPPORT OF MOTION TO RECONSIDER

### BACKGROUND

On February 16, 2007 the Court ruled on all motions of discovery.

On February 27, 2007 the Court (Hon. K. Neiman) heard and ruled on all outstanding motions. The Court ordered a pretrial hearing on March 15, 2007.

On March 16, 2007 the Court found that the interests of justice outweigh the usual interest in a speedy trial and ordered the time from February 27, 2007 to March 15, 2007 to be excludable.

ARGUMENT

Standards

In regards to criminal matters, "The standards governing a motion for reconsideration are essentially the same as those governing a motion to alter or amend judgment under Fed. R. Civ. P. 59(e)" <u>United States v. Thompson</u>, 125 F. Supp. 2d 1297.

I. The STA does not provide for the exclusion of time from February 27, 2007 to March 15, 2007.

The conditions under which time can be excluded pursuant to the STA are determined by 18 USCS 3161(h).

On February 27, 2007 the Court ruled on all outstanding matters. The final ruling on discovery had been made on February 16, 2007. All issues of discovery were resolved. The addition of counsel had been approved. Furthermore, the Defendant urged the Court to proceed as quickly as possible.

After February 27, 2007 no pretrial motions were pending nor were there any other delays directly or indirectly caused by the Defendant. During this period, there was no threat that the Defendant would be without

counsel. Finally, the Government did not require any time to satisfy any pretrial obligation. Therefore pursuant to 3161(h), the time from February 27, 2007 to March 15, 2007 is not excludable.

Finally, the court has found that the interests of justice outweigh the usual interest in a speedy trial. An ends of justice finding such as this can be made under §3161(h)(8)(A).

"In order for a continuance to qualify as an excludable "ends-of-justice" continuance under §3161(h)(8)(A), certain prerequisites must be met. First, the trial court must consider the factors listed in §3161(h)(8)(B)." United States v Apperson 441 F.3d 1162,1180; 2006 U.S. App. LEXIS 7563.

Since the factors listed in 3161(h)(8)(B) do not pertain to the instant matter, this time is not excludable. II. An ends-of-justice finding must be made at the time the excludable time is created.

The Court must make an ends-of-justice finding at the time an excludable delay is created.

"Although findings may be entered on the record after the fact, they may not be made after the fact. ... Unless it is clear from the record that the trial court struck the

proper balance when it granted the continuance, the twin purposes of the record requirement will be ill-served. The trial court will not focus properly on the correct balancing at the time the continuance is granted, and the appellate court will have to settle for reviewing retroactive rationalizations instead of contemporaneous reasoning." United States v. Doran, 882 F.2d 1511, 1516 (10th Cir. 1990).

The Court did not consider an ends-of-justice rational when it scheduled the March 15, 2007 pretrial hearing. In fact, the Court ruled that the delay to March 15, 2007 is includable. To this end, the period from February 27, 2007 to March 15, 2007 is includable.

III. Time due to congestion of the court's calendar is not excludable.

The state of the court's calendar cannot be used as a justification to exclude time pursuant to section 3161(h)(8)(C). See Doran at 1516.

Section 3161(h)(8)(C) states "No continuance under subparagraph (A) of this paragraph shall be granted because of general congestion of the court's calendar"

The earliest date the Court could schedule pretrial was March 15, 2007. This delay is not excludable.

**CONCLUSION**

Based on the foregoing arguments, the defense respectfully requests the Court to reconsider and reverse its March 16, 2007 ruling.


Dated: March 22, 2007

        Respectfully submitted ,


        by /s/Mitchell Nelson
          Mitchell Nelson
          Imhoff & Associates
          398 Kent Way
        White Lakes, MI48383
    248-461-6777, Fax 248-461-6778
        Attorney for Defendant


CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2006 the attached pleading was filed by means of the ECF system and thereby delivered to Todd Newhouse, Assistant U.S. Attorney.


        by /s/Mitchell_Nelson
          Mitchell Nelson