**UNITED STATES OF AMERICA**
**FOR THE DISTRICT OF MASSACHUSETTS**

UNITED STATES OF AMERICA,

        Plaintiff,                  NO. CR 05-30023-MAP

v.

WALTER T. MAY

        Defendant.

_____/

Mitchell H. Nelson (P22825)
IMHOFF & ASSOCIATES, PC
398 Kent Way
White Lake, MI 48383
(248) 461-6777
_____/

**MOTION IN LIMINE REGARDING E-MAIL AND CHAT TRANSCRIPT EVIDENCE**

      NOW COMES the Defendant, through counsel, and respectfully moves this Honorable Court to review in advance of their admission all purported e-mail or other electronic communications pursuant to the Federal Rules of Evidence. The Government has produced e-mails through discovery, purportedly involving parties to this case and third parties, which it may seek to introduce at trial. It is believed that the Government is not in possession of the original e-mails, or the computer hard drive(s) from which they were obtained. Therefore, the Court should be aware of the following issues relating to e-mail and electronic communications:

1. Authentication: Any e-mail offered as evidence must be authenticated as a condition precedent to admissibility. FRE 901(a). The offering party, therefore, must present "evidence sufficient to support a finding that the matter in question is what its proponent claims." FRE 901(a). That requirement may generally be met through the presentation of chain of custody evidence, distinctive characteristics per FRE 901(b)(4), or testimony by a witness with knowledge per FRE 901(b)(l).

It is anticipated that the Government intends to present testimony by YAHOO regarding the authenticity of e-mails allegedly sent by [Defendant]. It is believed that much e-mail in the possession of the Government were obtained by [Company] from [Defendant's] employer. Any general testimony offered by [Company] or [Defendant's employer] to authenticate the e-mails will necessarily rely on statements which could constitute inadmissible hearsay. FRE 802. The Government, therefore, should not be permitted to offer general testimony based on hearsay for the purpose of authentication.

Moreover, "chain of custody" evidence must meet the authentication requirement. Generally, the proponent of the evidence must satisfy the judge "that in reasonable probability the evidence has not been altered in any material respect." U.S. v. Aviles, 623 F.2d 1192, 1198 (7th Cir. 1980); U.S. v. Collado, 957 F.2d 38, 39, 35 Fed. E. Evid. Serv. 69 (1st Cir. 1992). In determining whether any alterations have occurred, the court should consider "the circumstances surrounding the preservation and custody of [the evidence], and the likelihood of intermeddlers tampering with it." Gallego v.U.S., 276 F.2d 914, 917 (9th Cir. 1960). As discussed, the Government may present evidence that Sri Lankan

authorities contacted the YAHOO web site hard drive and acquired e-mails and chat transcripts allegedly authored by Walter T. May and their "undercover operative, Shane", however, this "Shane" engaged in many acts in an attempt to entrap the Defendant to commit illegal acts to further his desired career in Sri Lankan Law Enforcement, without any regard for Mr. May's predisposition to commit a criminal act. Moreover, the defense may proceed under the theory that the Sri Lankan Law Enforcement Authorities, knew of, and encouraged the alleged entrapment at issue, and Defendant's e-mail may provide evidence to that effect.

Accordingly, there is a high likelihood of "intermeddlers tampering with the evidence." Chain of custody evidence, therefore, must meet the authentication requirement of F.R.E. 901(a).

For the same reason, the Government should not be permitted to authenticate the emails and chats through the "process or system" evidence pursuant to F.R.E. 901(9). Generally, "evidence describing a process or system used to produce a result and showing that the process or system produces an accurate result" may suffice for purposes. *See* F.R.E. 901 (9). In this case, any evidence of data retrieved from Yahoo will be meaningless in light of the Sri Lankan authorities opportunity alter the contents of the documents as evidenced by the "obvious defects apparent in emails #4, #7, #8, #11 and #26. The apparent corruption of the emails is further manifested in the duplicate messages from the "undercover agent, Shane" in e-mails #8&#9; #10 & #11; #14, #15, #16 & #17; #25&#26; #21 & 27; and #41 & 42.

2. *Hearsay:* An e-mail containing hearsay not be produced as evidence to prove the truth of its contents, F.R.E. 801 ©, unless the party offering the e-mail satisfies the court that it is admissible under an exception to the hearsay rule F.R.E. 802.

    a. The "business records" exception to the hearsay rule allows the introduction of documentation so long as it is "kept in the course a regularly conducted business activity," and it is "the regular practice of that business activity to make [such documentation]." F.R.E 803(6). "[I]n order for a[n] [email] to be admitted as a business record, there must be some evidence of a business duty to make and regularly maintain records of this type." U.S. v. Ferber, 966 F. Supp 90, 98, 50 Fed. R. Evid. Serv. 1251(D. Mass 1997). Therefore, even if the Government were to present evidence establishing Mr. May's routine use of e-mail, it would still fail to bring his e-mail communications within the scope of the business records exception. *See Id; see* also Monotype Corp. PLC v. International Typeface Corp.*,* 43 F. 3d 443, 450, 41 Fed. R. Evid. Serv. 68 (9th Cir. 1994) ("E-mail is far less of a systematic business activity than a monthly inventory printout."). The Government instead must offer evidence showing that Mr. May was under a business duty to communicate via e-mail and keep records of his e-mail communications, or, in the alternative, that defendant's employer followed such a routine. *See* U.S. v. Ferber, 966 F. Supp. 90, 99, 50 Fed. R. Evid. Serv. 1251 (D. Mass. 1997). Absent such a showing, the e-mails should not be admitted under the business records exception. *See* U.S. v. Ferber, 966 F. Supp. 90 99, 50 Fed. R. Evid. Serv. 1251 (D. Mass. 1997)

b.  The Government may not introduce the e-mails under the residual exception to the hearsay rule, unless there are "equivalent circumstantial guarantees of trustworthiness," and the statement is "more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts." F.R.E. 807. In this case, the government has procured the e-mails from Sri Lankan Law Enforcement who in turn had both motive and opportunity to alter Defendant's email s and chat transcripts. Therefore, because Sri Lankan Law Enforcement's motivation is suspect, the Government should not be allowed to introduce hearsay evidence contained in the e-mails under F.R.E. 807. If the Government nonetheless purports to offer evidence under Rule 807, this Court should require that the Government provide notice of its intent and the particulars it intends to offer. *See* F.R.E. 807.

c.  The Court may conclude that an e-mail though admissible for some purposes under 801 (d)(2)(a) or 803(6), may nevertheless contain statements by parties that do not fall within the scope of the aforementioned hearsay exceptions. Accordingly, any inadmissible hearsay contained in an otherwise admissible e-mail or chat transcript should be redacted prior to introduction. *See* F.R.E. 805.

3. *Best Evidence*: Generally, in order to prove the contents of an e-mail or chat, the party offering the evidence must produce an original printout "shown to reflect the data accurately." F.R.E. 1001(3). It is believed, however, that the Government intends to offer duplicates of e-mail and chat communications

between the Defendant and other parties. These duplicates will likely take the form of either photocopies of the original printouts, or printouts of an e-mail or chat that has been forwarded by someone other than the e-mail or chat's author. *See* F.R.E. 1001 (4). Such duplicates should not be admitted where, under the circumstances, "it would be unfair to admit the duplicate in lieu of the original." F.R.E. 1003; *See* <u>U.S. v. Mulinelli-Navas,</u> 11 F. 3d 983, 989, 47 Fed. R. Evid. Serv. 84 (1st Cir. 1997) as amended (May 23, 1997).

As discussed the Sri Lankan law Enforcement Authorities may have motive to alter the original, or create a duplicate that does not accurately portray the original.

Moreover, to the extent that only a portion of the original e-mail or chat is reproduced, the Government should be precluded from offering a duplicate in lieu of the original e-mail or chat transcript, because other portions of the original may be" needed for cross-examination [,] …may disclose matters qualifying the part [,] or [may be] otherwise useful" to [*Defendant*]. *Advisory Committee's note*, 56 Federal Rules Decisions p 183, 343, citing <u>U.S .v. Alexander,</u> 326 F. 2d 736 (4th Cir. 1964).

4. *Doctrine of Completeness*: The Government may not offer e-mails or chats into evidence unless they are accompanied by "any other part or any other writing or recorded statement which ought in fairness be considered contemporaneously with it." F.R.E. 106; *See* <u>U.S. v. Simonelli,</u> 237 F. 3d 19, 28, 55 Fed. R. Evid. Serv. 920, 87 A,F.T.R. 2d 2001-584 (1st Cir. 2001) ("The Doctrine of completeness...operates to ensure fairness where a misunderstanding or distortion

created by the other party can only be averted by the introduction of the full text of the out-of-court statement.")

5. *Unfair Prejudice*; Any e-mail evidence should "be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." F.R.E. 403.

WHEREFORE, the Defendant requests that the Government in seeking to admit e-mail and chat transcript evidence, be ordered to comply with the Federal Rules of Evidence as described herein.

Respectfully Submitted,
IMHOFF & ASSOCIATES, PC.


/s/Mitchell H. Nelson
Attorney for Defendant
398 Kent Way
White lake, MI 48383
TX:248.461.6777; FAX: 248.461.6778

Dated: March 27, 2007

CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of March 2007 a true and correct copy of the foregoing Motion was sent through ECF to the below listed individual.

/s/ Mitchell H. Nelson
Mitchell H. Nelson

Todd E. Newhouse
Assistant United States Attorney