UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA        )
                                )
            v.                  ) CR NO. 05-30023-MAP
                                )
WALTER T. MAY,                  )
            Defendant           )

MEMORANDUM AND ORDER
REGARDING DEFENDANT'S
MOTION TO RECONSIDER
(Dkt. No. 94)

April 30, 2007

PONSOR, D.J.

On April 28, 2005, Defendant Walter May was indicted on one count of using a computer to attempt to persuade a minor to engage in a sexual act in violation of 18 U.S.C. § 2422(a), and two counts of traveling in foreign commerce (specifically between Longmeadow, Massachusetts and Colombo, Sri Lanka) for the purpose of engaging in illicit sexual conduct with a minor in violation of 28 U.S.C. § 2243(b).

Defendant's new counsel has filed a Motion to Reconsider an order of this court excluding a short period of time from the Speedy Trial calculation. For the reasons set forth below, the motion will be allowed. The necessary overview of

the case's unusually tortuous pre-trial proceedings will provide an opportunity to examine its current status in relationship to the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq*.

Between his date of indictment on April 28, 2005, up to shortly before his arrest on June 12, 2006 in the Northern District of California, Defendant was incarcerated in Sri Lanka for the criminal conduct that underlies these federal charges. After the transmission of documents, and the physical transportation of Defendant to this district, he appeared before the Magistrate Judge for his initial appearance in this district on July 21, 2006.

At the initial appearance, the government moved for Defendant's pretrial detention. Counsel thereafter appeared and requested a continuance of the detention hearing. The hearing was continued until July 31, 2006, when the Magistrate Judge denied the government's motion, contingent upon compliance with strict conditions of release and the posting of certain real property. Following completion paperwork related to the real estate posting, Defendant was released on August 14, 2006.

No written motions were filed in this case until September 11, 2007, when Defendant moved for production of retained computer evidence. (See Dkt. No. 16.) This motion was denied as moot on September 22, 2006, the same day that the docket notes an oral motion for excludable delay covering the period from September 21, 2006 to December 6, 2006, filed by the government and assented to by Defendant.

This oral motion was allowed by the Magistrate Judge, who found, pursuant to 18 U.S.C. § 3161(h)(8)(B)(ii), that the interests of justice outweighed the usual interest in a speedy trial. While the specific reason for this finding was not denoted on the docket at that time, subsequent entries in the record make it clear that the discovery process was complicated by the international aspect of the case and that the excluded time was needed to permit defense counsel to review disclosed materials.

The pre-trial phase of this case has been marked by Defendant's continual motions to modify the conditions of his release. The docket reflects a total of thirty-five such motions, filed between September 25, 2006 and April 11, 2007, requiring steady attention by the Magistrate Judge.

On December 4, 2006, the government submitted, on behalf of both counsel, a written status report (Dkt. No. 38), seeking exclusion from the Speedy Trial calculations the period from July 31, 2006 through December 6, 2006 (the date of the status conference), in the interests of justice to permit Defendant time to review discovery produced by the government. See 18 U.S.C. § 3161(h)(8)(B)(ii).[1] Obviously, this written request overlapped substantially with the oral motion previously allowed by the Magistrate Judge.

On December 6, 2006, the Magistrate Judge issued an order formally excluding the time from July 31, 2006 through January 29, 2007, the date of the further status conference established at the December 6, 2006 hearing. The cited basis for this exclusion was the interests of justice. The specific reason underlying the exclusion was the unusual complexity in providing discovery and the need for Defendant's attorney to review the discovery, some of which was obtained from Sri

---

[1] The parties requested exclusion of a twenty-eight day period from July 31, 2006 to August 28, 2006, titularly based on Local Rule 112.2(A)(3) but probably intending Local Rule 112.2(A)(2), which permits the exclusion of twenty-eight days from arraignment to permit the parties to develop discovery plans.

Lanka. Based on this ruling, as of December 6, 2006, all the time from Defendant's first appearance in Massachusetts on July 21, 2006 through the scheduled status conference on January 29, 2007 was excluded from the Speedy Trial calculation.[2]

The few weeks between the December 6, 2006 status conference and the January 29, 2007 further status conference were peppered with motions to modify the conditions of release, culminating in a motion on January 16, 2007 by Defendant to accept late filing of discovery motions. (See Dkt. No. 52). On the same day, Defendant filed three motions for discovery and one motion for a bill of particulars. The motion for late filing was allowed by the Magistrate Judge on January 17, 2007.

Following a short continuance, counsel appeared on January 30, 2007 for a status conference and for hearing on Defendant's pending motions. At this time, an issue arose as to who would be representing Defendant. Defendant's counsel up to that time had been Attorney Alan Black, but at the

---

[2] The period from July 21, 2006 through August 1, 2006 was excluded based upon the pendency of the government's Motion for Detention. See 18 U.S.C. § 3161(h)(1)(F).

January 30, 2007 conference a new attorney, Mitchell Nelson, filed a defective Motion for Leave to Appear Pro Hac Vice. (See Dkt. No. 65.) The motion was denied, without prejudice, and a further hearing and status conference were set for February 14, 2007. The government sought to exclude the time up to February 14, 2007 in the interests of justice to permit Defendant time to decide which attorney he retained to represent him. (See Dkt. No. 64.)

In any event, the period up to February 16, 2007 was excluded from the Speedy Trial clock based upon the pendency of Defendant's pre-trial motions, two of which were allowed on February 16, 2007. The Motion for Bill of Particulars was set for hearing on February 27, 2007. On that day, the court allowed the motion of Attorney Black to withdraw, and Attorney Nelson filed a proper notice of appearance. The court also denied Defendant's Motion for Bill of Particulars and set March 15, 2007 as the date for a pretrial conference before the undersigned.

The government filed a Motion for Excludable Delay covering the period from February 27, 2007 to March 15, 2007. (See Dkt. No. 87.) During the hearing on February 27, 2007,

Defendant objected to the exclusion of these sixteen days from the Speedy Trial calculation; the government, in response, requested an earlier date for the pre-trial conference. The Magistrate Judge, however, concluded that the March 15, 2007 date was appropriate.

At the March 15, 2007 conference, this court allowed the government's Motion to Exclude the period from February 27 to March 15. On March 23, 2007, Defendant filed the Motion for Reconsideration that is currently before the court. On March 27, 2007, Defendant filed a Motion to Suppress Statements and a Motion In Limine (Dkt. Nos. 96 and 97), which have been set for hearing on May 10, 2007 before the undersigned. Trial is currently scheduled for June 25, 2007.

The upshot of the rather maze-like chronology summarized above is that all the time following Defendant's first appearance in this court on July 21, 2006 through March 15, 2007 has been properly excluded from the Speedy Trial calculations. Moreover, the period of time from March 23, 2007, when Defendant's Motion for Reconsideration was filed through at least May 10, 2007, when the hearing has been set for Defendant's Motion to Suppress and Motion In Limine, is

also properly excluded from the Speedy Trial calculation. The court will have thirty days following the date of hearing to issue its decision, and trial will commence on June 25, 2007.

Thus, regardless of any ruling on the Motion for Reconsideration, this case presents no basis for concern under the Speedy Trial Act. At issue is the exclusion of an eight-day period from March 15, 2007 through the date of the filing of the Motion for Reconsideration on March 23, 2007.

The Motion for Reconsideration is hereby ALLOWED, with the following observations. First, the period from February 27, 2007, when the government filed its Motion for Excludable Delay, through March 15, 2007, when the court granted the motion in open court, is excluded from the Speedy Trial calculation based upon the pendency of this motion. The government's motion was offered in good faith and had a colorable basis, particularly since the government had indicated its willingness to have an earlier date set for the pretrial conference before the Magistrate Judge.

The Speedy Trial clock protects important interests of Defendant, but it also is subject to manipulation. The considerable and justified delays in the case related to the

review of documents, the difficulties in reviewing discovery obtained from Sri Lanka, and the continuous stream of motions to modify the conditions of release had significantly complicated the case up through the conference on February 27, 2007. The short postponement from February 27, 2007 to March 15, 2007 for the pretrial conference was insignificant in the overall profile of the case. Thus, the government was well justified in moving to exclude that period, and the court had a basis for its initial ruling allowing the motion. The period from February 27 to March 15 has been properly excluded based upon the pendency of the government's motion.

As requested by Defendant on March 23, 2007, the court will ALLOW the Motion for Reconsideration (Dkt. No. 94) and will withdraw its exclusion of the period from March 15, 2007, the date of its original allowance of the government's motion to exclude, through the date of March 23, 2007, the date of the filing of the Motion for Reconsideration. As noted, the filing of the Motions to Suppress and <u>In Limine</u> by Defendant on March 27, 2007, yet to be ruled on, have currently stopped the Speedy Trial clock. The court finds that from Defendant's initial appearance through May 10, 2007 and for thirty days

thereafter, eight days have been excluded from the Speedy Trial clock. The June 25, 2007 trial date thus places Defendant well within the allotted Speedy Trial period.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
United States District Judge